Per Curiam.

It is the contention of appellant that the “Court of Appeals should have dated the notice of appeal from the filing of the findings of fact and conclusions of law,” and that the findings of fact and conclusions of law entered are a final order.
To perfect an appeal, the notice thereof must be filed within 20 days after the filing of the entry of the final order, judgment or decree appealed from. Section 2505.07, Revised Code. As shown by the record, the first notice of appeal, directed to the order of March 5, 1957, overruling the petition to vacate, was filed 73 days after the entry of such order, which appellant is now seeking to have reversed, and the day after the findings of fact and conclusions of law were filed. The second notice of appeal, directed to the “decision” of the Juvenile Court and omitting the date thereof, was filed 119 days after the final order of March 5 and 47 days after the filing of the findings of fact and conclusions of law.
Section 2315.22, Revised Code, provides as follows:
“When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, one of the parties requests otherwise, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.” (Emphasis supplied.)
Since the statute provides that the request for written findings of fact and conclusions of law must be made before journalization of the final order, the request in the instant case was not timely made.
The findings of fact and conclusions of law, as provided for in the above-quoted section, are not a final appealable order and do not extend the time for filing notice of appeal. To perfect the appeal, notice should have been filed within 20 days after the entry of the order of March 5, 1957, which order appellant is seeking to have reversed. This not having been done, the Court of Appeals was without jurisdiction to entertain the appeal and was not in error in sustaining the motion to dismiss.
*508 The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, 'Taet, Matthias, Bell and Herbert, JJ., concur.